# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 5:22-CV-00145-KDB-DSC

| | |
|---|---|
| PIEDMONT ROOFING SERVICES LLC, | |
| Plaintiff, | |
| v. | **MEMORANDUM AND RECOMMENDATION** |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. 8) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, Defendant insured James and Theresa Hinson's ("Homeowners") residence in Catawba County, North Carolina. On or about June 14, 2021, a wind and hail storm caused substantial damage to Homeowners' property. They retained Plaintiff to complete the necessary repairs to their residence. Plaintiff and Homeowners entered into a Proposal and Contract ("the Proposal") in which they assigned the rights to the

insurance claim and proceeds to Plaintiff. Doc 1-1, Ex. A. As a result, Plaintiff filed a claim with Defendant notifying it of the damage. Plaintiff generated repair estimates and submitted them to Defendant on numerous occasions. Doc 1-1, Ex. C. The final estimate totaled in excess of $25,000. Id. To date, Defendant has made no payments. Plaintiff has submitted "multiple demands for arbitration of disputes," "overhead and profit," and "ordinances and law allowances to make repairs in accordance with applicable building standards." Doc. 1-1 at 7.

Plaintiff alleges seven causes of action: (1) violation of N.C. Gen. Stat. § 58-63-15(11); (2) bad faith refusal of an insurance claim; (3) unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1; (4) declaratory judgment as to Homeowners; (5) declaratory judgment as to Defendant; (6) declaratory judgment as to Plaintiff's entitlement to overhead and profit; and (7) declaratory judgment as to ordinance and law. Doc. 1-1 at 7–10.

Plaintiff originally filed this action in Catawba County, North Carolina and Defendant removed to this Court.[1]

## DISCUSSION

### I. Standard of Review

The existence of subject matter jurisdiction is a threshold issue. A removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht,

---

[1] Plaintiff currently has eighteen lawsuits pending against various insurance companies – eight in federal courts and ten in state courts. All suits assert similar facts and causes of action.

524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Scott v. Cricket Commc'ns, LLC, 865 F.3d 189 (4th Cir. 2017); UMLIC Consolidated, Inc. v. Spectrum Financial Services Corp., 665 F. Supp. 2d 528 (W.D.N.C. 2009).

"Generally, challenges to standing are addressed under Rule 12(b)(1) for lack of subject matter jurisdiction." Payne v. Chapel Hill N. Props., LLC, 947 F. Supp. 2d. 567, 572 (M.D.N.C. 2013). To establish standing, a plaintiff "must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc., 528 U.S. 167, 180–81 (2000).

"When resolving a motion under Rule 12(b)(1), "the [Court] is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without controverting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co, a Div. of Standex Intern. Corp., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal quotations omitted)).

## II. Analysis

It is undisputed that there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy requirement is satisfied. The issue is whether Plaintiff has established standing. Plaintiff primarily relies on Homeowner's assignment of rights under the insurance claim to establish standing. Thus, Plaintiff must establish that the assignment was valid under North Carolina law to survive the motion to dismiss for lack of standing. Plaintiff has failed to do so.

"The assignment of a claim gives the assignee control of the claim and promotes champerty. Such a claim is against public policy and void." Charlotte-Mecklenburg Hosp. Auth. v. First of Georgia Ins. Co., 455 S.E.2d 655, 657 (N.C. 1995) (citing S. Ry. Co. v. O'Boyle Tank Lines, 318 S.E.2d 872 (N.C. Ct. App. 1984)); see also Weaver, Bennett & Bland v. Speedy Bucks, Inc., 162 F. Supp. 2d 448, 454 (W.D.N.C. 2001) (defining champerty as "a bargain by a stranger with a party to a lawsuit to bear the costs in exchange for a stake in the outcome…"). "The assignment of the proceeds of a claim does not give the assignee control of the case and there is no reason it should not be valid." Id.

Plaintiff relies on First-Citizens Bank & Tr. Co. v. Universal Underwriters Ins. Co. to establish the validity of the assignment. In that case, plaintiff sought recovery for the value of a repossessed motor vehicle that had been stolen from Sigmon Chevrolet. First-Citizens Bank & Tr. Co. v. Universal Underwriters Ins. Co., 440 S.E.2d 304, 305 (N.C. Ct. App. 1994). Shortly after the motor vehicle was stolen, Sigmon Chevrolet executed a contract assigning plaintiff, inter alia, the rights to Sigmon's claims and causes of action against defendant. Id. The North Carolina Court of Appeals concluded that the assignment of the "mere right to payment after loss

in no way broadened the scope of coverage of insurable risks provided by defendant's policy." Id. (emphasis added). The court further held:

> [T]he great weight of authority supports the rule that general stipulations in policies prohibiting assignments thereof except with the consent of the insurer apply to assignments before loss only, and do not prevent an assignment after loss, for the obvious reason that the clause by its own terms ordinarily prohibits merely the assignment of the policy, as distinguished from a claim arising thereunder, and the assignment before loss involves a transfer of a contractual relationship while the assignment after loss <u>is the transfer of a right to a money claim</u>.

Id. at 307 (emphasis added) (citing George J. Couch et al., Couch on Insurance 2d, § 63.40, at 763–65 (Rev. ed. 1983)).

Plaintiff contends that similar to First-Citizens Bank & Tr. Co., the assignment here is merely "a right to payment after loss" and "will in no way broaden the scope of coverage of insurable risks provided by Defendant's policy." Doc. 10 at 7. But the assignment in this case is the opposite. This assignment relinquishes Homeowners' control of the litigation and any rights or interests therein. See Doc. 1-1, Ex. A. "There is a distinction between the assignment of a claim . . . and the assignment of proceeds for such a claim. The assignment of a claim gives the assignee control of the claim and promotes champerty. Such a contract is against public policy and void." Charlotte-Mecklenburg Hosp. Auth. v. First of Georgia Ins. Co., 455 S.E.2d 655, 657 (N.C. 1995). In contrast, an assignment of proceeds under a claim "does not give the assignee control of the case and there is no reason it should not be valid." Id.

Furthermore, personal tort claims of the type Plaintiff asserts here cannot be assigned. In Skyline Restoration, Inc. v. Church Mut. Ins. Co., the Fourth Circuit held that Skyline could not pursue a claim for unfair business practices "because these types of claims are not assignable under North Carolina law." 20 F.4th 825 (4th Cir. 2021).

Rather, Plaintiff must be either an insured or in privity with the insurer. Id. at 834 (quoting Prince v. Wright, 541 S.E.2d 191, 197 (N.C. Ct. App. 2000)). Plaintiff cannot establish either here.

The Court notes that Plaintiff relies on some authorities with incorrect citations. It cites to Skyline Restoration, but the quote Plaintiff advances is nowhere to be found in that opinion. Rather, the quote is found in Oates v. Jag, Inc., 333 S.E.2d 222 (N.C. 1985). Oates concerns an action against a builder for negligently constructing a residence and has no relevance here.

Plaintiff has failed to meet its burden of establishing standing and Defendant's Motion to Dismiss should be granted.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Synder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d

at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the <u>Honorable Kenneth D. Bell.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: January 10, 2023

David S. Cayer
United States Magistrate Judge