IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00145-KDB-DSC

| | |
|---|---|
| PIEDMONT ROOFING SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant Nationwide Mutual Insurance Company's ("Nationwide") Memorandum in Support of Subject Matter Jurisdiction, Doc. No. 15, which was filed in response to the Court's recent Order to show cause why this action should not be remanded. *See* Doc. No. 13. The Court has carefully considered Nationwide's memorandum; however, the Court continues to be persuaded that this action should be remanded to state court, either because the Court initially lacked subject matter jurisdiction or, alternatively, because the Court finds in its discretion that it should not retain jurisdiction over a state law matter in which the amount in controversy is far below the amount necessary to support federal diversity jurisdiction. Further, the Court will decline Nationwide's invitation to rule on all the merits of its motion to dismiss prior to remanding the case, so as not to bind the state court's consideration of those merits in the first instance.

**I.   FACTS AND PROCEDURAL HISTORY**

This insurance dispute arises out of claims made under a homeowner's insurance policy following a June 2021 wind and hail storm in Catawba County, North Carolina. Plaintiff

1

Piedmont Roofing ("Piedmont") repaired the home's damaged roof then sought payment from Nationwide after the homeowner insureds assigned the rights to any related insurance claim and proceeds to Piedmont. Doc 1-1, Ex. A. When Nationwide refused to pay the claim in full, this lawsuit followed. *See* Doc 1-1, Ex. B-C. Piedmont originally filed this action in North Carolina's Catawba County Superior Court, and Defendant removed it to this Court, alleging that the Court has subject matter jurisdiction based on federal "diversity jurisdiction," 28 U.S.C. § 1332.

In response to the Complaint, Nationwide filed a motion to dismiss, Doc. No. 8, in which it argued that Piedmont's claims should be dismissed because the assignment of the homeowner's rights under the insurance policy was invalid. *Id.* Upon review of the Memorandum and Recommendation ("M&R") of the Magistrate Judge, Doc. No. 12, the Court accepted the M&R in part, determining that it lacks subject matter jurisdiction over this action in the absence of Piedmont's claims for unfair trade practices and tortious commercial conduct, which Piedmont does not have standing to assert. However, the Court declined to accept the M&R's broader recommendation that the assignment of the post loss insurance claim be found to be invalid. Finally, the Court ordered the case remanded to the North Carolina Catawba County Superior Court unless Nationwide shows cause why it should not be remanded. Nationwide filed its "show cause" memorandum on January 31, 2023. This matter is now ripe for the Court's final decision on whether Piedmont's remaining claims should be heard in state or federal court.

## II. DISCUSSION

Nationwide asserts three arguments why this case should remain in federal court, at least until the Court fully rules on its motion to dismiss. First, it contends that the matter was properly removed because "at the time of the removal" the amount in controversy exceeded $75,000, the

2

amount necessary to support federal diversity jurisdiction. Second, although it concedes that in the absence of Piedmont's claim for unfair trade practices the amount in controversy is well below the jurisdictional amount, it asks the Court to exercise its discretion to retain jurisdiction. And, finally, Nationwide requests that even if the Court intends to remand the case to state court that the Court first decide the remaining merits of the motion to dismiss, specifically the validity of the assignment of the insurance policy to Piedmont. For the reasons discussed below, the Court does not accept any of these arguments, and the case will be remanded in accordance with the Court's previous ruling.

With respect to removal, Nationwide's argument that the amount in controversy must be determined at the time of the removal – which is a correct general statement of the law – does not address the particular circumstances here, which lead to the conclusion that the amount in controversy was insufficient, even at the time of removal. Unlike the cases cited by Nationwide, in which subsequent events such as a plaintiff reducing the claimed amount of damages did not affect removal, *see JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010), in this case Piedmont did not have standing even to assert the claims on which diversity jurisdiction was claimed. In effect, Nationwide argues that regardless of a plaintiff's lack of standing to bring the sole claims on which an action has been removed, removal is proper and federal jurisdiction exists. The Court disagrees.

In its earlier Order, the Court found that at the time of removal Piedmont was wrongly attempting to assert personal claims belonging to someone else and thus failed the most basic threshold constitutional requirement of standing as to those claims. *See Valley Forge Christian College v. Americans United For Separation of Church and State,* 454 U.S. 464, 471 (1982) (the Supreme Court has consistently required that a litigant have "standing" to challenge an action

3

sought to be adjudicated in federal court); *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99 (1979) (the constitutional limits on standing result in the elimination of a claim in which the plaintiff has failed to make out a case or controversy between himself and the named defendant). Therefore, just as standing to assert claims permits a plaintiff to satisfy the amount in controversy, claims which a plaintiff clearly has no right to bring based on the face of the Complaint ought not be considered in determining the amount in controversy to support diversity jurisdiction. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 346 (1977) ("Obviously, if the Commission has standing to litigate the claims of its constituents, it may also rely on them to meet the requisite amount in controversy."). As both parties have acknowledged, in the absence of Piedmont's claims for which the Court has found it does not have standing (specifically, unfair trade practices), the amount in controversy was at the time of removal insufficient to support federal diversity jurisdiction. It is thus "apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed," and the case must be remanded.[1] *JTH Tax,* 624 F.3d at 638 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)) (emphasis in original).

Alternatively, even if removal could be based on claims Piedmont lacks standing to pursue, the Court declines in the exercise of its discretion to retain jurisdiction over this case. Nationwide acknowledges that even if removal was initially proper, the Court may exercise its discretion to decline to retain jurisdiction and remand the case because the amount in controversy is now below the threshold for diversity jurisdiction. *See* Doc. No. 15 at 7-8. In *Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995), the Fourth Circuit discussed when it might be appropriate in such

---

[1] Indeed, allowing federal jurisdiction to rest solely on claims that the plaintiff has no right to make in the first place would appear to open a significant loophole in our otherwise limited federal jurisdiction.

4

circumstances to continue to exercise jurisdiction, based on the concept of supplemental jurisdiction as set forth in 28 U.S.C §1367. *Id* at 109. As the court does when deciding whether to exercise supplemental jurisdiction after the federal questions in a case disappear, the court may consider: (1) the convenience and fairness to both parties; (2) judicial economy; (3) whether the amount claimed in the complaint was made in good faith or whether plaintiff was "consciously relying on flimsy grounds" to get into federal court; (4) whether plaintiff would be prejudiced from dismissal of the action, such as the existence of a statute of limitations bar; (5) the amount of time and energy already expended; (6) existence of an issue of state law best resolved in state court; and (7) other case-by-case considerations.

Applying these factors, the Court will exercise its discretion to remand the case to state court. Plaintiff originally brought this action in state court and in fairness should be permitted its choice of forum, especially where there is no added convenience to the parties to litigate in federal court. Judicial economy is best served by having this matter in state court, where most of the cases raising these same issues are now pending[2] and where the courts are most familiar with the governing North Carolina law. Also, insurance law is a core area of state rather than federal law. Piedmont's good faith in bringing the dismissed claims has not been challenged, but its inability to do so was clear and well-established so the Court cannot rule out at least an initial willingness to have the case heard in federal court. Further, Piedmont will not be prejudiced in a remand; in fact, it has now requested that the case be returned to state court. *See* Doc. No. 14 at 4.

Finally, Nationwide relies heavily on the factor of "the amount of time and energy already expended" in support of its request that the Court retain jurisdiction or, alternatively, rule on the

---

[2] With the remand of this case and a similar case involving Piedmont in this Court, Case No. 5:22-cv-154, there will be twelve cases raising these issues in state court (with six in federal court). *See* Doc. No. 12 at 2, fn.1.

5

entirety of its motion to dismiss prior to remand. While the Court and the parties certainly have expended time and effort with respect to the motion to dismiss, that factor standing alone does not justify the Court retaining jurisdiction. First, the parties' efforts have not been wasted. The motion will remain fully briefed following remand. The only difference is that a decision will come from a different judge – a state superior court judge – rather than this Court. Instead of being a misuse of time already expended (again, the Court's time not the parties'), a remand of the case at this early juncture is only the proper workings of federalism. Simply put, having determined that the matter should not remain in federal court, this Court will not tie the hands of the state court on the validity of the assignment of the insurance claim and or proceeds to Piedmont, which the parties appear to agree is a decisive issue in this action.[3] Accordingly, the Court will decline to retain jurisdiction over this matter and leave a ruling on the remaining merits of Nationwide's motion to dismiss for the North Carolina state courts to decide.

---

[3] As discussed in its earlier order, the Court does not agree with the M&R on the issue of the validity of the assignment and the state court should reach its own judgment of the matter. Moreover, the very recent supplemental cases cited to the Court, *Piedmont Roofing Servs., LLC v. Massachusetts Bay Ins. Co.*, No. 1:22-cv-618 (M.D.N.C. Dec. 16, 2022); *Piedmont Roofing Servs., LLC v. Nationwide Mut. Fire Ins. Co.*, No. 1:22-cv-860 (M.D.N.C. Jan. 4, 2023), are distinguishable and unpersuasive. The first case does not address the authority cited in the Court's earlier Order in which assignments were held to be valid notwithstanding purported contractual prohibitions on assignment. *See* Doc. No. 13 at 7-8. And, the second case relies on the fact that the assignment in that case granted an assignment of the entire policy rather than being limited to a particular wind and hail loss. In contrast, the assignment here is so limited.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

This matter be remanded to the Superior Court for Catawba County North Carolina. The Clerk is directed to close this matter following remand.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 2, 2023

Kenneth D. Bell
United States District Judge